**James Carl BEST, Petitioner,**

v.

**Ray PAGE, Warden, State Penitentiary, the District Court of Ottawa County and the State of Oklahoma, Respondents.**

No. A–14136.

Court of Criminal Appeals of Oklahoma.

Dec. 21, 1966.

James Carl Best, pro se.

Charles Nesbitt, Atty. Gen., State of Oklahoma, Hugh H. Collum, 1st. Asst. Atty. Gen., for respondents.

BUSSEY, Presiding Judge.

This is an original proceeding in which petitioner seeks his discharge from confinement in the State Penitentiary at McAlester, where he is currently imprisoned by virtue of a judgment and sentence rendered against him in the District Court of Ottawa County, or in the alternative, petitioner seeks an order of this Court directing the Respondent, Ray Page, to provide proper medical treatment for him.

Petitioner alleges that he is being subjected to cruel and unusual punishment in that he is being denied proper surgical treatment, without which his health will be jeoparized. Although petitioner alleges that the respondent has denied his request for proper medical treatment, this allegation is wholly unsupported by affidavits or other evidence tending to establish that he has exhausted his administrative remedy. Under such circumstances we feel the rules laid down in Smith v. Turner, 12 Utah 2d 66, 362 P.2d 581, as set forth in the Syllabi, are applicable, as follows:

"In absence of cruel and unusual punishment, the courts will not interfere by means of habeas corpus with management, control, or internal affairs of prisons."

"Courts cannot substitute their judgment in discretionary matters for that of administrative agencies of a different department of government."

For the reasons above set forth, the relief prayed for is accordingly denied. In arriving at this conclusion, we are certain that Warden Ray Page did not intentionally deny an inmate medical attention. We therefore suggest to the Respondent that he direct the prison doctor to give the petitioner a physical examination to determine whether medical treatment or surgery, other than that being currently provided, is necessary.

Writ denied.

NIX and BRETT, JJ., concur.