**Arturo ROCHA, Petitioner-Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.**

No. 30742.

United States Court of Appeals, Fifth Circuit.

Oct. 25, 1971.

James S. Macdonald, Dallas, Tex., Court-appointed, for petitioner-appellant.

Crawford C. Martin, Atty. Gen., State of Tex., Lonny F. Zwiener, Asst. Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before GOLDBERG, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

Appellant, a Texas state prisoner, sued Dr. George J. Beto, Director of the Texas Department of Corrections, under 28 U.S.C. § 1343, alleging that the department illegally forbids him from having in his prison cell law books which are his property.

Appellant's complaint rests on two grounds. He says, first, that other inmates are allowed to keep non-legal books, magazines and other reading material in their cells, whereas he is denied the same privilege because the reading matter he chooses consists of law books. Second, he alleges that under the procedures of the prison system inmates are allowed, subject to approval of a warden, to order books and other reading material. He states that he secured the approval of a warden, and pursuant thereto ordered law books, but when they arrived he was told that he could not have them in his cell and they were seized by prison officials.[1]

The District Court concluded that under Granville v. Hunt, 411 F.2d 9 (5th Cir. 1969), no claim for relief was stated, and dismissed the action without hearing.

As exemplified by Granville v. Hunt and many other cases, we have proceeded with great caution when asked to interfere in the internal operation and administration of prisoners, doing so only in exceptional circumstances and only when available administrative remedies within the prison organization have been exhausted. On the other hand, interference with federally guaranteed rights may not be insulated on the basis that everything which occurs within prison walls is protected as prison administration. It appears to us very unlikely that it will be necessary for us to decide where in these countervailing areas appellant's claims fall. This is so because the sole contention made by appellee to this court is that appellant failed to exhaust the administrative remedies available to him within the prison system. The appellee by supplemental brief describes the administrative remedies which he says are available to appellant, and points out that neither he nor the Texas Attorney General, who appears on his behalf, has claimed that the rule alleged by appellant to exist is constitutionally valid in form or constitutionally applied to appellant under the circumstances alleged in the petition.

We remand the case to the District Court with directions that it retain jurisdiction but stay proceedings for 60 days to give appellant an opportunity to promptly seek administrative relief within the prison system. Should that prove unavailing by reason of absence of a remedy, or an adverse administrative decision, the case should be considered anew by the District Court.

Costs are taxed against appellee.

Remanded with directions.

---

1. While not wholly clear, the implication of what is said by both parties is that appellant claims he was granted permission to order the books by the warden of the unit to which he was confined, but when the books arrived he had been moved to another unit where they were seized for want of consent of the warden of this new place of confinement.