490 P.2d 4

**Henry FOGGY, Appellant,**

v.

**STATE of Arizona, ex rel. Frank A. EYMAN, Warden, Arizona State Prison, et al., Appellees.**

**No. 10521.**

Supreme Court of Arizona,
In Banc.

Nov. 2, 1971.

Rehearing Denied Nov. 23, 1971.

Henry Foggy, in pro. per.

Gary K. Nelson, Atty. Gen., by William P. Dixon, Asst. Atty. Gen., Phoenix, for appellees.

CAMERON, Justice.

This is an appeal from an order of the Pinal County Superior Court denying Henry Foggy's petition for writ of habeas corpus.

Petitioner is a prisoner at the Arizona State Prison at Florence, Pinal County, Arizona. He asked that the prison authorities allow him reasonable access to the use of the law books at the prison, or in the alternative that he be discharged from custody.

The State has not filed an opposing brief or otherwise responded. The facts as stated by petitioner in his opening brief are as follows:

"On January 8, 1971 at approximately 12:30 P.M. Petitioner requested permission from Arizona State Prison authorities to consult the Arizona Revised Statutes and the United States Code. The Officer in charge at the Main Prison Yard Office advised Petitioner that the requested Volumes were unavailable at the Yard Office and further suggested that Petitioner obtain the desired Volumes from the Prison Diagnostic Center. Shortly thereafter Petitioner appeared at the Diagnostic Center and asked the Officer in charge, Lt. B. G. Williams, to grant him permission to consult the Arizona Statutes. Lt. Williams flat refused Petitioner's request with the cold turkey explanation that Petitioner could not use the said Statutes.

"Prior to January 8, 1971 and subsequent to that date Petitioner requested from various prison authorities in charge of the Arizona Revised Statutes and the United States Code for permission to used (sic) said law book and have been refused on each and every occasion. On at least one occasion prior to January 8th Prison Counsellor (sic) Mickey Williams advised Petitioner that the Statutes maintained in the Diagnostic Center was for the exclusive use of 'new' inmates confined there and the men on Condemn (sic) Row."

■ The rule in Arizona has always been that "[t]he writ of habeas corpus may not be utilized for the purpose of correcting alleged mistreatment of a prison inmate by

prison authorities subsequent to valid judgment and commitment." Application of Dutton, 95 Ariz. 96, 97, 387 P.2d 799, 800 (1963), cert. den. 377 U.S. 913, 84 S.Ct. 1176, 12 L.Ed.2d 182 (1964), but see Jackson v. Bishop, 404 F.2d 571 (8th Cir. 1968).

The United States Supreme Court case which might be of most use to petitioner is Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969).

■■■ In Johnson v. Avery, supra, the Supreme Court held that the Sixth Circuit, 382 F.2d 353 was incorrect in reversing a District Court order granting a writ of habeas corpus to free a prisoner from disciplinary confinement, which confinement resulted from the prisoner's violating a regulation against "prison lawyering." The Johnson case, supra, is distinguishable from the present, though, in two respects. First, it involved not only the question of "prison lawyering", but also concerned added confinement. Second, the court emphasized in the Johnson case, supra, that there were no regular legal services available to the prisoners in preparation of their petitions for relief. Petitioner does not allege that counsel to assist in post-conviction matters are not available to him. Indeed, we note that petitioner has been represented by counsel in other matters before this court. See State v. Foggy, 107 Ariz. 307, 486 P.2d 789 (1971). This court is also aware of a post-conviction clinic conducted at the Arizona State Prison by the University of Arizona College of Law. While we do not say that under certain circumstances a prisoner may not be entitled to have access to such law books at the prison as may be available, petitioner herein has shown no reason why he is so entitled. Unless there is some persuasive reason to the contrary, the distribution and use of law books at the state prison is a matter better left to prison authorities.

Affirmed.

STRUCKMEYER, C. J., HAYS, V. C. J., and UDALL and LOCKWOOD, JJ., concur.