**James X (McQueen) et al., Petitioners,**

**v.**

**Leo P. McCRACKEN et al., Respondents.**

**No. A–17152.**

Court of Criminal Appeals of Oklahoma.

May 10, 1972.

---

James X (McQueen), et al., pro se.

Larry Derryberry, Atty. Gen., for respondents.

### OPINION

SIMMS, Judge:

This is an original proceeding in which petitioners have filed an application seeking the appropriate writ, and in this instance, the petition will be treated as for a Writ of Habeas Corpus, inasmuch as the petitioners pray for, alternatively, a determination of the factual issues in this case and/or issuance of a restraining order against the respondents enjoining them from infringing on the constitutional rights of the petitioners, or issuance of a declaratory judgment granting the petitioners actual damages in the sum of Fifty Thousand Dollars ($50,000.00) and punitive damages in the amount of Seventy-Five Thousand Dollars ($75,000.00) or in the alternative, release of the petitioners from confinement.

The petitioner, who apparently feels he is speaking for seven other prisoners similarly situated, makes a variety of allegations which center around the issue of whether or not he was denied access to the courts while confined in maximum segre-

gation at the Oklahoma State Penitentiary for a period of some seventeen and one-half months for his alleged participation in the May, 1970, mutiny at that institution.

Petitioner indicates that the formal charges lodged against him by prison officials were: Agitating, Inciting to Riot, and Destroying State Property. The petitioner, who was originally sentenced to a term of life imprisonment for the crime of armed robbery, and who is now serving a twenty-five (25) year sentence for that crime, alleges in his petition that during the period of time he was confined, he was unable to pursue a Post Conviction Appeal of his sentence. He refers to the prison rules which do not allow the prisoners in the maximum segregation section to have access to those writing materials and research materials necessary for the preparation of an appeal. That denial forms the basis for the writ.

■ We should like to note two things at this juncture. First, that it is improper to file what we will denote in this case as a "Class Action Habeas Corpus Proceeding" inasmuch as constitutional rights are personal rights, and, second, we note by virtue of the December 9, 1971, filing date on this petition that the petitioner now apparently has had the access to the courts which he claims he was denied, and apparently, has not seen fit during the intervening period to pursue that Post Conviction remedy which he was allegedly denied while in maximum segregation.

■ The matter of what prisoners will be allowed by way of outside materials while being held for punishment purposes in the maximum segregation unit is a matter of penitentiary rules and regulations and this Court has held that courts will not interfere by means of habeas corpus with the management, control, or internal affairs of the prison where there has been no showing of cruel and unusual punishment. Best v. Page, Okl.Cr., 422 P.2d 210 (1966). In that case, this Court also stated that the courts cannot substitute their judgment in discretionary matters for that of adminis-

trative agencies of a different department of government.

Similarly, in a class action brought by prison inmates under the Civil Rights Act, the Federal court held that the right of free access to the courts by prison inmates is not unlimited, and the amount of time allotted by prison officials to inmates for the preparation of legal documents is a matter of prison discipline and security so long as free access to the courts is not impaired. Cruz v. Beto, 329 F.Supp. 443 (S. D.Texas 1970). Affirmed at 445 F.2d 801 (5th Cir. 1971). In that case the Federal court held that prison rules and regulations allowing inmates access to state furnished legal books only two hours per day, six days per week, and restricting the use of legal materials in inmates' cells did not deprive inmates of a right to free access to the courts. See, also, Foggy v. State ex rel. Eyman, 107 Ariz. 532, 490 P.2d 4 (1971). Rhodes v. Sigler, 448 F.2d 1237 (8th Cir. 1971). Rocha v. Beto, 449 F.2d 741 (5th Cir. 1971). And, Baldwin v. Smith, 446 F.2d 1043 (2nd Cir. 1971).

The California courts have similarly held that suspension of an inmates library privilege card due to a breech of discipline and denial of use of the law library while confined in isolation was reasonable and does not constitute a denial of reasonable access to the courts. In re Allison, 66 Cal.2d 282, 57 Cal.Rptr. 593, 425 P.2d 193 (1967).

The admonition contained in *Allison*, supra, also applies in the instant case:

"The courts are and should be reluctant to interfere with or to hamper the discipline and control that must exist in a prison. Petitions containing such charges must be carefully scrutinized and the facts carefully weighed with the thought in mind that they are frequently filed by prisoners who are keen and ready, on the slightest pretext, or none at all, to harass and to annoy the prison officials and to weaken their power and control. These prisoners include many violent and unscrupulous men who are

ever alert to set law and order at defiance within or without the prison walls."

It is interesting to note that neither before his confinement in the maximum segregation section nor after his release therefrom has petitioner filed in either of the trial courts in which he was convicted an application for the Post Conviction Relief he claims he has been denied. Moreover, the exhibits which petitioner has attached to his pleadings in the instant case indicate that the petitioner has taken ample advantage not only of the research facilities offered at the Oklahoma State Penitentiary, but has also taken advantage of access not only to this Court, but to the District Court in Pittsburg County. And, on more than one occasion, Oklahoma's Federal courts. The number and complexity of petitioner's own pleading belie the matter contained therein.

Petitioner has failed to document his claim that he has been deprived of any rights or been prejudiced thereby. Specifically, he claims that he was barred from seeking Post Conviction Relief for seventeen and one-half months. By his own petition, he has been out of the maximum segregation unit for more than six months and, as yet, has not lodged an application for Post Conviction Relief in either of the trial courts responsible for his incarceration on convictions of perjury and armed robbery. Neither has petitioner indicated what, if any, grounds for Post Conviction Relief he has been prevented from asserting.

It is not enough to allege that he was prevented from exercising rights without showing he was in fact prevented from doing so and prejudiced thereby. Such an allegation can be likened to saying that the petitioner had the right to vote and was prevented from doing so when in fact petitioner had no intention of exercising that right.

For the reasons above set forth, the relief prayed for is accordingly denied.

Writ denied.

BUSSEY, P. J., and BRETT, J., concur.