Jimmy Louis **PHILLIPS**, Plaintiff,

v.

Park J. **ANDERSON**, Warden, Oklahoma State Penitentiary, et al., Defendants.

Civ. No. 73–32.

United States District Court,
E. D. Oklahoma,
Civil Division.

Feb. 28, 1974.

Jimmy Louis Phillips, pro se.

Kay Karen Kennedy, Asst. Atty. Gen., Oklahoma City, Okl., for McCracken and Wilson.

Willard M. Gotcher, McAlester, Okl., for Anderson.

## MEMORANDUM OPINION

DAUGHERTY, Chief Judge.

Plaintiff, an inmate in the Oklahoma State Penitentiary, has brought this action under the Civil Rights Act, 42 U.S. C. § 1983, against Defendants Park J. Anderson, former Warden of the Okla-homa State Penitentiary, Leo McCracken, former Director of the Oklahoma Board of Corrections and Harold Wilson, a former Associate Warden of the Oklahoma State Penitentiary, complaining that acting under color of State law the said Defendants deprived Plaintiff of certain of his civil rights in connection with his confinement as a prisoner in said institution.

Plaintiff complains that the prison Disciplinary Court did not afford him due process when he was sentenced in said Court in February, 1971 to administrative segregation for a violation of the prison rules and that said Defendants denied Plaintiff access to the Courts while so confined in administrative segregation.

Plaintiff seeks relief herein in the amount of $125,000.00 in damages and an injunction or release from his one thousand year sentence in the Oklahoma State Penitentiary as an alternative.

The Defendants have answered the Complaint denying the allegations thereof. The Court has conducted an evidentiary hearing. The State of Oklahoma has voluntarily produced the Plaintiff in open Court so that he may testify regarding his complaints.

From the evidence presented to the Court the following findings of fact and conclusions of law and decisions are made herein:

■ (1) As to Plaintiff's prison Disciplinary Court complaint the evidence reveals that he was brought in person before the prison Disciplinary Court consisting of three officers of the institution; that the Court notified him of the charge against him and in fact did so before the Court. Plaintiff's claims that he could not present evidence in his behalf and could not speak up for himself is not supported by the evidence. The evidence is to the contrary by his own admission. The Court finds that the above prison Disciplinary Court proceeding involving the Plaintiff meets due process requirements. In Adams v.

Pate, 445 F.2d 105 (Seventh Cir. 1971) it is held:

> "The usual institutional procedure is that prior to the imposition of confinement in segregation, the prisoner is to be taken before the Disciplinary Captain for a hearing and determination of guilt or innocence, and if found guilty, to have him designate the punishment. It thus appears that the prisoner is confronted with the accusation against him and afforded a reasonable opportunity to deny the accusation or explain his actions. In the context of the nature of the administrative action here involved, this would appear to fairly and rationally satisfy the concept of procedural due process. Sostre v. McGinnis, supra." [442 F.2d 178, Second Cir. 1971].

▇▇▇ (2) As to Plaintiff's complaint that he was denied access to the Courts while on administrative segregation from February 12, 1971 to April 19, 1971, the same is not supported by the evidence. During such period of confinement the Plaintiff and his cellmate acting jointly did communicate with the United States District Court for the Eastern District of Oklahoma at Muskogee, Oklahoma by two letters which letters were answered by the Clerk of said Court, one of which was received when Plaintiff and his cellmate were in administrative segregation and the other was dated and received after Plaintiff was released from administrative segregation. The Plaintiff testified that he wrote a letter to the Public Defender of Oklahoma County, Oklahoma who was then handling his appeal and complains about not getting an immediate answer. It appears that this letter was not answered promptly but was answered sometime in May of 1971 according to the testimony of the Plaintiff and the material he requested was furnished. The prison officer in charge of administrative segregation while Plaintiff was confined therein testified that there were no restrictions on Plaintiff and those in administrative segregation against communicating with the Court or lawyers or receiving letters from the Court or lawyers; that the Plaintiff had two paid letters and one free letter per week while in such administrative segregation. This witness further testified that he took all outgoing mail from the inmates on administrative segregation to the Post Office and all outgoing writs to the front office. Plaintiff testified about a Memorandum from an Associate Warden that while on administrative segregation a new writ could not be initiated, however, if a writ ready for notarizing and mailing was either in the Post Office or in the possession of an inmate when placed in administrative segregation the mailing of the writ would be completed. The Court does not consider this directive as being constitutionally defective [1] but if it could be argued that it was, Plaintiff has shown no damage. Plaintiff's desired habeas corpus writ to the Eastern District of Oklahoma resulted in no damage to him inasmuch as his State Court conviction was then on appeal to the Oklahoma Court of Criminal Appeals, the same not being affirmed until July of 1972, and in these circumstances the Federal Court would not entertain his writ of habeas corpus as a state prisoner for he had not exhausted his available state remedies. 28 U.S.C. § 2254(b); 22 Oklahoma Statutes Annotated § 1080 et seq. Moreover, Defendants' position that plaintiff has already litigated this issue of being denied access to the Courts without success in a State Court case in which he was a party, X v. McCracken, 497 P.2d 428 (Okl.Cr.App.1972), and the issue is now res adjudicata appears to be correct. Metros v. United States District Court for Dist. of Colo., 441 F.2d 313 (Tenth Cir. 1971).

▇▇ Finally, Defendant Anderson was not Warden of the Oklahoma State Penitentiary until November, 1971. De-

---

1. See Evans v. Moseley, 455 F.2d 1084 (Tenth Cir. 1972) citing Hatfield v. Bailleaux, 290 F.2d 632 (Ninth Cir. 1961).

fendant Wilson was never Warden of the institution. The period of time Plaintiff complains of regarding this issue is February 12, 1971 to April 19, 1971. Plaintiff presented no evidence that either of said Defendants or Defendant McCracken directly or indirectly denied him access to the Courts during the period complained of. It is the general rule that an official will not be liable in a Civil Rights action unless he directly and personally participates in conduct under color of state law which deprives the plaintiff of rights, privileges, and immunities secured him by the Federal Constitution. Richardson v. Snow, 340 F.Supp. 1261 (D.Md.1972). It is an essential element of a Civil Rights claim that the particular defendant be personally involved in the alleged denial of the Constitutional right. Battle v. Lawson, 352 F.Supp. 156 (W.D.Okl.1972); Townes v. Swenson, 349 F.Supp. 1246 (W.D.Mo.1972); Campbell v. Anderson, 335 F.Supp. 483 (D.Del.1971). Thus, Plaintiff's complaint of being denied access to the Courts during the period February 12, 1971 to April 19, 1971 is not supported by the evidence for during said period Plaintiff did in fact have access to this Court on at least two occasions, he also had communications with his attorney and there is no evidence that the belated reply of this attorney, if it was in fact belated, was due to any act of any of the Defendants and the Court adopts as true the testimony of the prison officer in charge of administrative segregation that Plaintiff was not denied access to the Courts; and in addition Plaintiff has proved no damage, this issue is res judicata and Plaintiff failed to produce any evidence that any Defendant sued herein personally acted to deny him access to the Courts.

Based on the foregoing, the Court finds and concludes that Plaintiff's civil rights have not been violated by the Defendants as claimed by Plaintiff and, accordingly, Plaintiff's action should be dismissed and judgment should be entered accordingly.