530 P.2d 375

In the Matter of the Application for Writ of Habeas Corpus of George T. Bevins.

George T. BEVINS, Appellant,

v.

STATE of Arizona ex rel. Harold CARDWELL, Warden, Arizona State Prison, Appellee.

No. 2 CA–CIV 1724.

Court of Appeals of Arizona, Division 2.

Jan. 15, 1975.

---

George T. Bevins, in pro per.

Bruce E. Babbitt, Atty. Gen., N. Warner Lee, former Atty. Gen. by Teresa S. Thayer, Asst. Atty. Gen., Phoenix, for appellee.

## OPINION

HOWARD, Chief Judge.

Appellant filed a petition for a writ of habeas corpus seeking a court order to strike all evidence of an allegedly illegal California detainer from his prison records, to place him on the same status as those inmates who do not have a detainer, and to prevent California from placing another detainer against him. Without a hearing, the petition was denied. Because Arizona has chosen not to follow the enlightened lead of the federal courts regarding habeas corpus, we must affirm.

Appellant's petition sought, in essence, to remove the detainer and its effects. He claimed that the detainer was illegal because it was based on a parole violation warrant as to which, after more than one year, California has failed to hold any hearing, as required by Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Such a claim may well have merit in the federal courts either as a habeas corpus petition or a civil rights action under 42 U.S.C. § 1983. See, Cooper v. Lockhart, 489 F.2d 308 (8th Cir. 1973); Jones v. Johnston, 368 F.Supp. 571 (D.D.C.1974). Cf., Nelson v. George, 399 U.S. 224, 90 S.Ct. 1963, 26 L.Ed.2d 578 (1970).

However, his claim lacks merit in the state courts. First, the courts of this state have no power whatsoever to order California to remove a detainer. State v. Yanich, 110 Ariz. 172, 516 P.2d 308 (1973). Second, the writ of habeas corpus may not be utilized for the purpose of correcting alleged mistreatment of a prison inmate subsequent to a valid judgment.

Foggy v. State ex rel. Eyman, 107 Ariz. 532, 490 P.2d 4 (1971). But see, Wilwording v. Swenson, 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971); Williams v. Richardson, 481 F.2d 358 (8th Cir. 1973). Appellant has been incarcerated at the Arizona State Prison pursuant to a valid judgment. His attack on the effects of the detainer attempts to correct alleged mistreatment. This he may not do. See, Arizona Rules of Criminal Procedure, Rule 32.1(d), Comment, 17 A.R.S.

Affirmed.

HATHAWAY and KRUCKER, JJ., concur.