Tonya K. McCARTHER, a minor, by Monica R. McCarther, her mother, next friend and natural guardian, and Monica R. McCarther, Individually, Plaintiffs,

v.

GRADY COUNTY, OKLAHOMA, the City of Chickasha, Oklahoma, the Oklahoma State Bureau of Investigation, Ron Taylor, and Neal Locke, Defendants.

No. CIV–77–0431–D.

United States District Court,
W. D. Oklahoma.

Aug. 25, 1977.

Donald W. Davis, Oklahoma City, Okl., for plaintiffs.

Melvin R. Singleterry, Dist. Atty., and Larry E. Baresel, Asst. Dist. Atty., Chickasha, Okl., for defendants Grady County, Taylor and Locke.

Robert L. Huckaby, Chickasha, Okl., for defendant The City of Chickasha, Oklahoma.

Larry Derryberry, Atty. Gen. by Paul C. Crowe, Asst. Atty. Gen., Oklahoma City, Okl., for defendant Oklahoma State Bureau of Investigation.

## ORDER

DAUGHERTY, Chief Judge.

This is a civil rights action arising out of a shooting incident which allegedly occurred at Plaintiffs' home in Chickasha, Oklahoma. In their Complaint, Plaintiffs allege that Defendant Ron Taylor (Taylor) is the elected sheriff of Defendant Grady County, Oklahoma (County) and Defendant Neal Locke (Locke) is a deputy sheriff employed by Defendant Taylor; that at all times pertinent to Plaintiffs' cause of action, Defendants were acting under color of state law [1] and "under color of a custom of Grady County, Oklahoma, the City of Chickasha, and the Oklahoma State Bureau of Investigation to maintain a policy of discrimination and contempt towards members of the Negro race;" that city, county and state law enforcement officers planned, as a joint venture, a search and arrest of the occupants of a residence located across the street from Plaintiffs' home; that during the course of said search, Defendant Locke fired his service revolver at a person fleeing from the scene; and that the bullet fired from Defendant Locke's revolver passed through the front door of Plaintiffs' home and struck Plaintiff Tonya K. McCarther and another person, resulting in the personal injuries and property damage for which Plaintiffs seek recovery herein. It is asserted that this Court has jurisdiction of this action "by virtue of the fact that the matter in controversy, exclusive of interest and costs, exceeds Ten Thousand Dollars ($10,000.00); and upon violation of 42 U.S.C. § 1983; and the violation of Amendment IV [sic] [2] of the United States Constitution." [3] (Emphasis omitted).

Defendants County, Taylor and Locke have each filed herein a Motion to Dismiss this action for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction pursuant to Rules 12(b)(6) and 12(b)(1), Federal Rules of Civil Procedure, and a Motion to Transfer this case to Chickasha under Rule 3(e), Local Court Rules.[4] Also, the County has

---

1. Plaintiffs specifically allege that Defendants were acting under color of 63 Okl.Stat.1971 § 2–401(A) which reads as follows:

   "A. Except as authorized by this act, it shall be unlawful for any person:
   1. To manufacture, distribute, dispense, or possess with intent to manufacture, distribute, or dispense, a controlled dangerous substance.
   2. To create, distribute, or possess with intent to distribute, a counterfeit controlled dangerous substance."

2. Plaintiffs' intended citation is evidently U.S. Const. Amend. XIV as Plaintiffs' Brief in opposition to defense Motions refers only to the Fourteenth Amendment.

3. Plaintiffs are apparently alleging that the Court has subject matter jurisdiction of this case under both 28 U.S.C. § 1331(a) and § 1343(3). § 1331(a) provides in part as follows:

   "(a) The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States. . . ."

   § 1343 provides in pertinent part as follows:
   "The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

   (3) To redress the deprivation, under color of State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;"

4. Rule 3(e), *supra*, provides as follows:

   "(e) Whenever in any civil or criminal proceeding the Court finds upon its own motion, or motion of any party, or stipulation, that the convenience of parties or witnesses, in the interest of justice, will be served by transferring the action to Chickasha, Enid,

asked that in lieu of dismissal, the return of service of summons in this case be quashed for Plaintiffs' failure to comply with 19 Okl.Stat.1971 § 4.[5] Said Motions are supported by Briefs and Plaintiffs have filed a Brief in opposition thereto.

The Court will consider Defendants' Motions seriatim.

## MOTION TO DISMISS

In support of their Motions to Dismiss for failure to state a claim, all moving Defendants contend that Plaintiff Monica R. McCarther has failed to state a claim upon which relief can be granted because a parent has no standing to sue for the deprivation of civil rights of her child and there are no allegations in the Complaint which would form an independent cause of action for said Plaintiff. Additionally, the County asserts that the Complaint alleges no act or omission on the part of the County that would form the basis of liability under any possible legal theory; that the County is immune from suit under the doctrine of sovereign immunity; and that the County is not a "person" subject to suit under § 1983.

Regarding the Court's asserted lack of subject matter jurisdiction, Defendants contend that every tort committed against a private person by an official acting under state law does not rise to the level of a deprivation of constitutional rights; that § 1983 does not contemplate the conversion of "every common law responsibility" into a § 1983 case; and that as the facts alleged in the Complaint outline the common law tort of negligent injury with force to the person and property of others, the Court lacks subject matter jurisdiction under § 1983. Defendants further contend that the amount in controversy herein as to Plaintiff Monica R. McCarther is less than $10,000.

In their Response Brief, Plaintiffs argue that this action is not ripe for dismissal under any of Defendants' arguments; that federal courts "always" have jurisdiction of causes of action arising under 42 U.S.C. § 1983; and that there is no jurisdictional requirement in an action wherein the Court has jurisdiction under 28 U.S.C. § 1343(3).

It has been clearly established that a county is not a person within the meaning of 42 U.S.C. § 1983. *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976); *Moor v. County of Alameda*, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973); *Schrank v. Bliss*, 412 F.Supp. 28 (M.D.Fla.1976); *Haber v. County of Nassau*, 411 F.Supp. 93 (E.D.N.Y. 1976). Therefore, Plaintiffs' Complaint should be dismissed insofar as it seeks recovery against the County under § 1983.

Courts have consistently held that the doctrine of respondeat superior is inapplicable in actions brought under § 1983. *Hopkins v. Hall*, 372 F.Supp. 182 (E.D.Okl. 1974); *Barrows v. Faulkner*, 327 F.Supp. 1190 (N.D.Okl.1971); see *Draeger v. Grand Central, Inc.*, 504 F.2d 142 (Tenth Cir. 1974); *Jennings v. Davis*, 476 F.2d 1271 (Eighth Cir. 1973). Therefore, absent an allegation that a named defendant has personally subjected the plaintiff to a deprivation of his constitutional rights or has caused the conduct complained of or participated in some manner in the alleged unlawful actions of his employee or subordinate officer, a Complaint is insufficient to state a claim against such defendant under § 1983. *Knipp v. Weikle*, 405 F.Supp. 782 (N.D.Ohio 1975); see *Harbert v. Rapp*, 415 F.Supp. 83 (W.D.Okl.1976); *Phillips v. Anderson*, 386 F.Supp. 371 (E.D.Okl.1974); *Battle v. Lawson*, 352 F.Supp. 156 (W.D. Okl.1972). In the instant case, the Complaint contains no allegation that Defendant Taylor directly and personally partici-

---

Guthrie, Lawton, Mangum, Pauls Valley, Ponca City, Shawnee or Woodward, the Court may order such transfer."

**5.** 19 Okl.Stat.1971 § 4 provides as follows:

"In all suits or proceedings by or against a county, the name in which a county shall sue

or be sued shall be, 'Board of County Commissioners of the County of _____,' but this provision shall not prevent county officers, where authorized by law, from suing in their official name for the benefit of the county."

pated in the alleged deprivation of Plaintiffs' Fourteenth Amendment rights. Accordingly, the Complaint should be dismissed insofar as it seeks recovery against Defendant Taylor under § 1983.

■ Turning to Defendant Locke, it should be noted that not every tort committed by an official acting under state law amounts to a deprivation of a constitutional right. *Jones v. Marshall*, 528 F.2d 132 (Second Cir. 1975); *see Hawkins v. Elliott*, 385 F.Supp. 354 (D.S.C.1974); *Townes v. Swenson*, 349 F.Supp. 1246 (W.D.Mo.1972); *Nugent v. Sheppard*, 318 F.Supp. 314 (N.D. Ind.1970). In this regard, the Tenth Circuit stated in *New Rider v. Board of Education*, 480 F.2d 693 (Tenth Cir. 1973), *cert. denied*, 414 U.S. 1097, 94 S.Ct. 733, 38 L.Ed.2d 556 (1973):

> "Federal courts have the duty to entertain only *solid claims* of constitutional restraints under 'color' of state law. *Smith v. State of Kansas*, 356 F.2d 654 (10th Cir. 1966), cert. denied, 389 U.S. 871, 88 S.Ct. 154, 19 L.Ed.2d 151 (1967). Courts must conduct the 'balancing test' referred to in *Barker v. Wingo, Warden*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), in avoiding rigidity which would frustrate common sense, even when dealing with constitutional rights. Constitutional rights . . . are not absolutes."

In the instant case, Plaintiffs allege in their Complaint that Defendant Locke was a county law enforcement officer when "acting without discretion, and completely contrary to all law enforcement procedure, [he] fired wildly with his service revolver at a person fleeing from the scene where the purported search and arrest was to be made" and the bullet entered Plaintiffs' residence. Thus, the Complaint merely alleges tortious conduct which, without more, is not sufficient to be actionable under § 1983. *Keating v. Raines*, No. 75–1198 (Tenth Cir. July 22, 1975).[6] Under the circumstances of this case, rigid enforcement

of Plaintiffs' asserted Fourteenth Amendment rights would surely frustrate common sense as the record before the Court seems to indicate that any violation of Plaintiffs' rights by Defendant Locke occurred solely as the result of an unfortunate accident. Therefore, the Court finds and concludes that Plaintiffs have failed to state a claim against Defendant Locke under § 1983. Accordingly, Plaintiffs' Complaint should be dismissed insofar as it seeks recovery against Defendant Locke under § 1983.

■ As the Court has determined that Plaintiffs have failed to state a claim under § 1983 against any of the moving Defendants, the Court must consider whether it has jurisdiction of this action under 28 U.S.C. § 1331. It is well established that federal question jurisdiction may be invoked in an action by a Plaintiff asserting constitutional rights under the Fourteenth Amendment. *City of Kenosha v. Bruno*, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973); *United States v. City of Chicago*, 549 F.2d 415 (Seventh Cir. 1977); *Popkin v. New York State Health and Mental Hygiene Facilities Improvement Corp.*, 547 F.2d 18 (Second Cir. 1976); *Reeves v. City of Jackson*, 532 F.2d 491 (Fifth Cir. 1976); *Amen v. City of Dearborn*, 532 F.2d 554 (Sixth Cir. 1976); Wright and Miller, *Federal Practice and Procedure*: Civil § 3573; *see Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). However, to give a federal court jurisdiction under § 1331 the federal question alleged must be substantial. *Cuyahoga River Power Co. v. Northern Ohio Traction & Light Co.*, 252 U.S. 388, 40 S.Ct. 404, 64 L.Ed. 626 (1920); *Garvin v. Rosenau*, 455 F.2d 233 (Sixth Cir. 1972). In *Ex parte Poresky*, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933), the Supreme Court explained substantiality:

> "The question may be plainly unsubstantial, either because it is 'obviously without merit' or because 'its unsoundness so clearly results from the previous

6. Rule 17(c) of the Rules of the Tenth Circuit permits citation of unpublished opinions as precedent.

decisions of this court as to foreclose the subject and leave no room for the inference that the question sought to be raised can be the subject of controversy.' [citations omitted]."

It does not appear that previous court decisions foreclose the issue presented herein. However, said question may be obviously without merit. To be obviously without merit, an alleged constitutional claim might represent an attempt to obtain federal jurisdiction by the mere assertion of a frivolous connection between the constitution and the subject matter of the dispute, or the alleged constitutional claim might simply be immaterial to the real controversy. *Garvin v. Rosenau, supra; see Bell v. Hood*, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946). In the instant case, Plaintiffs are seeking recovery for personal injuries and property damage alleged to have been negligently inflicted by a law enforcement officer. Diversity of citizenship does not exist between Plaintiffs and any of the Defendants. Therefore, Plaintiffs' alleged violations of their Fourteenth Amendment rights appear to represent an attempt to obtain federal jurisdiction as the constitution seems to bear no relationship to the actual subject matter of this action. Likewise, Plaintiffs' claimed violations of their constitutional rights are immaterial to the real controversy herein, namely liability for the accidental injuries and damages Plaintiffs allege. Accordingly, the Court finds and concludes that Plaintiffs' constitutional claims are obviously without merit and therefore, no substantial federal question is present herein. Thus, the Court lacks jurisdiction of this action under § 1331 and Plaintiffs' Complaint should be dismissed.

It is so ordered this 25th day of August, 1977.