**Samuel Gordon RUCKER, Plaintiff,**

**v.**

**Floyd L. MARTIN, Ralph Adair, and Oklahoma County, Defendants.**

**No. CIV–80–540–D.**

United States District Court, W. D. Oklahoma.

Aug. 21, 1980.

---

Samuel Gordon Rucker, pro se.

Jan Eric Cartwright, Atty. Gen. by Manville T. Buford, Asst. Atty. Gen., Oklahoma City, Okl., for defendant Floyd L. Martin.

Andrew M. Coats, Dist. Atty. by James P. Laurence, Asst. Dist. Atty., Oklahoma City, Okl., for defendants Ralph Adair and Oklahoma County.

## OPINION AND ORDER

DAUGHERTY, Chief Judge.

Plaintiff, an inmate at the Stringtown Correctional Center, Stringtown, Oklahoma, brings this action pursuant to 42 U.S.C. § 1983, asserting jurisdiction of this court pursuant to 28 U.S.C. § 1343(3). He names as defendants, Floyd L. Martin, Oklahoma County District Judge, Ralph Adair, a County Commissioner for Oklahoma County, and Oklahoma County itself.

The facts are not in dispute. Plaintiff was convicted in Oklahoma County District Court, in case number CRF–76–4499, of the offense of Escape From A State Penitentiary, in violation of 21 O.S.1971 § 443 and was sentenced to imprisonment for a term of two years. At the trial, plaintiff testified and admitted every material element of the offense. The trial court, Judge Martin, directed a verdict of guilty and instructed the jury that the only issue remaining was that of punishment. Upon direct appeal to the

Court of Criminal Appeals of the State of Oklahoma, this action on the part of the trial court was found to be error and the case was reversed and remanded for a new trial. The State declined to retry the case and it was subsequently dismissed. Plaintiff asserts that he was imprisoned for five months and twenty-seven days under the subsequently reversed conviction.

Petitioner thereafter filed an application for post-conviction relief under the Oklahoma Post-Conviction Procedure Act, 22 O.S. 1971 §§ 1080 *et seq.*, seeking credit against a subsequent sentence for the time served on the earlier, reversed conviction. Relief was denied at the District Court level and the record does not reflect that any appeal was filed by plaintiff to the Court of Criminal Appeals of the State of Oklahoma.

Defendants Martin and Adair have each filed motions to dismiss. Judge Martin's motion asserts his judicial immunity from liability for damages for acts committed within his jurisdiction. Commissioner Adair's motion asserts that plaintiff has failed to state a claim against him upon which relief can be granted.

Although plaintiff names Oklahoma County as a party-defendant in the caption of his complaint, the County is not mentioned in the statement of jurisdiction or elsewhere in the complaint. Thus, summons was issued only to Judge Martin and Commissioner Adair.

In *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967), it was held that the common-law immunity of judges from liability for damages for acts committed within their jurisdiction extends to Section 1983 actions. The court stated: "This immunity applies even when the judge is accused of acting maliciously and corruptly...." 386 U.S. at 554, 87 S.Ct. at 1217. *Pierson* was reaffirmed in the recent case of *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). In that case, it was alleged that the defendant-judge's actions were not within his jurisdiction and that therefore judicial immunity was not applicable. The Court of Appeals had further held that the judge's failure to

comply with elementary principles of procedural due process deprived him of immunity. The Supreme Court commented that when judicial immunity is at issue, the scope of the judge's jurisdiction must be construed broadly (435 U.S. at 356, 98 S.Ct. at 1104) and that because the defendant-judge's court "is one of general jurisdiction, neither the procedural errors he may have committed nor the lack of a specific statute authorizing his approval of the petition in question rendered him liable in damages for the consequences of his actions." (435 U.S. at 359, 98 S.Ct. at 1106) The Court further stated:

"The relevant cases demonstrate that the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i. e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i. e.*, whether they dealt with the judge in his judicial capacity."

█ In this case, plaintiff makes no claim that Judge Martin was without jurisdiction to preside over his case. Clearly, Judge Martin's acts were judicial in nature in that they were functions normally performed by a judge. There is likewise no doubt but that plaintiff dealt with Judge Martin in his judicial capacity, as a defendant in a criminal trial presided over by Judge Martin. There can be no doubt that Judge Martin is entitled to absolute judicial immunity from liability in this case and that therefore his Motion to Dismiss should be granted.

Commissioner Adair, although named in the caption and in the statement of jurisdiction in plaintiff's complaint is mentioned nowhere else. No actions of his are complained of, no knowledge or acquiescence on his part of any other person's actions injurious to plaintiff are alleged and, finally, no policy of Oklahoma County is asserted, the implementation of which resulted in injury to plaintiff.

█ Although plaintiff cites *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), which reversed *Monroe*

*v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), insofar as it held that local governments were wholly immune from suit under § 1983. *Monell, supra,* made it clear, however, that a local government could not be sued under § 1983 for injuries inflicted solely by its employees or agents. When the execution of a governmental policy or custom, whether it is formally adopted or informally but uniformly adhered to, inflicts injury, the government as an entity may be held responsible under § 1983. Petitioner alleges no facts which would support a determination that Oklahoma County has any policy or custom, the execution of which resulted in plaintiff's conviction and imprisonment. Thus, under *Monell, supra,* Oklahoma County, as an entity, could not have been held liable herein even if it had been properly named in the complaint and served with process.

■ With regard to Commissioner Adair, the court notes that in the Tenth Circuit, personal participation of defendants is an essential allegation in a § 1983 complaint. *Bennett v. Passic,* 545 F.2d 1260 (10th Cir. 1976); *McCarther v. Grady County, Oklahoma,* 437 F.Supp. 831 (W.D.Okla.1977); *Harbert v. Rapp,* 415 F.Supp. 83 (W.D.Okla. 1976); *McDonald v. McCracken,* 399 F.Supp. 869 (E.D.Okla.1974); *Phillips v. Anderson,* 386 F.Supp. 371 (E.D.Okla.1974); *Battle v. Lawson,* 352 F.Supp. 156 (W.D. Okla.1972).

In *Kite v. Kelley,* 546 F.2d 334 (10th Cir. 1976), the court affirmed the trial court's directed verdict in favor of supervisory officials. In its discussion of the applicability of the doctrine of *respondeat superior* to civil rights actions, the court referred to *Rizzo v. Goode,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976), and stated:

> "The 'affirmative link' requirement of *Rizzo* means to us that before a superior may be held for acts of an inferior, the superior, expressly or otherwise, must have participated or acquiesced in the constitutional deprivation of which the complaint is made." 546 F.2d at 337–338.

■ As is noted above, plaintiff's complaint contains absolutely no mention of Commissioner Adair beyond the caption and jurisdictional statement. Thus, Commissioner Adair's Motion to Dismiss should likewise be granted.

■ Plaintiff in this case has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Even though such leave has been granted, it is entirely proper to dismiss an action at any time the court is satisfied that it is frivolous or malicious. *Duhart v. Carlson,* 469 F.2d 471 (10th Cir. 1972), *cert. denied* 410 U.S. 958, 93 S.Ct. 1431, 35 L.Ed.2d 692. The test for determining frivolity is whether the plaintiff can make any rational argument on the law or the facts to support his claim. *Martinez v. Aaron,* 570 F.2d 317 (10th Cir. 1978).

Based upon its review of the complaint, the Motions to Dismiss of defendants Martin and Adair, plaintiff's responses thereto and the briefs accompanying the pleadings, this court is satisfied that plaintiff can make no argument on the facts or the applicable law which would support his claim for relief under 42 U.S.C. § 1983.

For the reasons set forth above, the Motions to Dismiss of defendants Martin and Adair will be granted and plaintiff's complaint will be dismissed for the further reason that it is frivolous as that term is employed in 28 U.S.C. § 1915(d).

IT IS SO ORDERED.