**William W. LEITH, Plaintiff,**

v.

**OIL TRANSPORT COMPANY, Inc., and American Marine Corporation, Defendants.**

Civ. A. No. 62–701.

United States District Court
W. D. Pennsylvania.

Nov. 7, 1962.

Harry Alan Sherman, Pittsburgh, Pa., S. Eldridge Sampliner, Cleveland, Ohio, for plaintiff.

Campbell, Thomas & Burke, Pittsburgh, Pa., for defendants.

DUMBAULD, District Judge.

■■ Plaintiff, a citizen of Tennessee, claims under the Jones Act, for unseaworthiness, and maintenance and cure, claiming over $10,000 and diversity in each action, against a foreign corporation in Louisiana. The accident occurred in Kentucky. A vessel of defendant was attached as on foreign attachment in our waters. This gave only security for ultimate payment of any judgment obtained, but did not constitute a basis for jurisdiction. Rule 64 F.R.Civ.P. Posting a bond for value does not confer jurisdiction. Branic v. Wheeling Steel Corp., 152 F.2d 887, 889 (C.C.A.3, 1945). The ship attached is not the ship where the accident occurred and there is thus no jurisdiction *in rem*.

But summons *in personam* was also served within the District upon the master of the vessel. Was this sufficient to secure jurisdiction of defendant corporation? Defendant's president's affidavit states it does not do business in Pennsylvania. However, it undoubtedly does engage in navigation or commerce within our waters to and from the port of Pittsburgh, or the vessel could not have been attached. Does such transient interstate operation constitute sufficient contact with Pennsylvania to enable the Commonwealth, consistently with due process, to confer upon its courts (and derivatively through Rule 4(d) (7) F.R. Civ.P. upon the federal courts here) power to try a transitory cause of action against defendant arising out of trans-

actions other than those in which defendant engaged within Pennsylvania? And if so, has Pennsylvania exercised such power?

The first question is governed by International Shoe Co. v. Washington, 326 U.S. 310, 317–319, 66 S.Ct. 154, 90 L.Ed. 95 (1945); and Perkins v. Benguet Mining Co., 342 U.S. 437, 444, 72 S.Ct. 413, 96 L.Ed. 485 (1952). The rule is there stated that "if an authorized representative of a foreign corporation be physically present in the state of the forum and be there engaged in activities appropriate to accepting service or receiving notice on its behalf" there is "no unfairness in subjecting that corporation to the jurisdiction of the courts of that state through such service of process upon that representative." International Shoe states that the activities within the State must be so continuous and substantial as to constitute what was expressed in the earlier cases as the fiction of corporate "presence" within the State.

The question therefore is whether the master of a ship engaged in interstate navigation touching Pennsylvania ports is engaged in an activity "appropriate to accepting service" of process on behalf of the corporation.

In our opinion the master of a ship should be considered as agent of its owners only with respect to matters affecting the operation, cargo, and other matters connected with the voyage. A transient call at a port cannot be regarded as equivalent to the "presence" of the corporation. The cases sustaining service on a corporation usually show the permanent presence of a full time employee, the location of executive offices, or of other similar agents of the sort normally engaged in handling the legal and business affairs of the corporation. The work of master of a vessel touching at Pittsburgh is not such as to make him an "appropriate" agent to receive service of process, so as to establish jurisdiction over a transitory tort unrelated to the activities of the master within this State.

Plaintiff is not aided by the "series of acts for pecuniary benefit" test of 15 Purdon Statutes § 2852–1011(C), inasmuch as that test applies only "for the purposes of this section" relating to substituted service upon the Secretary of the Commonwealth. Jenkins v. Dell Pub. Co., 130 F.Supp. 104, 106 (W.D.Pa.1955). Such service was not effected here.

We conclude therefore that defendant has not properly been served with process so as to be subject to the jurisdiction of this Court.

We also find that venue is not properly laid. The Jones Act (46 U.S.C. § 688) contains a special venue provision. This provides for venue in "the district in which the defendant employer resides or in which his principal office is located."

Under the doctrine of Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, 228, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957), the special and specific rule for a particular type of cases prevails over the general rule of 28 U.S.C. § 1391(c).

We do not reach the other questions raised by defendants' thorough brief, regarding *forum non conveniens* [See Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)] and transfer under 28 U.S.C. § 1404(a). We note in passing that for plaintiff to invoke diversity jurisdiction with regard to the claim for maintenance and cure he must plead the diversity; and under local practice must certify that the amount involved is in excess of $10,000. Otherwise a separate action in admiralty is required.

ORDER

AND NOW, this 7th day of November, 1962, after argument, IT IS ORDERED that defendants' motion to dismiss be and the same hereby is granted and that the action herein be and the same hereby is dismissed.