**TPO INCORPORATED, Plaintiff,**

v.

**FEDERAL DEPOSIT INSURANCE COR- PORATION, as Receiver of Eatontown National Bank, Defendant.**

**No. 70 Civ. 5545.**

United States District Court, S. D. New York.

April 23, 1971.

**664**

Reavis & McGrath by Stephen R. Steinberg, New York City, for plaintiff.

Goldstein, Gurfein, Shames & Hyde by Edward Brodsky, New York City, for defendant.

CANNELLA, District Judge.

The defendant's motion "for an order, pursuant to Rule 12 of the Federal Rules of Civil Procedure, dismissing this action and quashing the return of service on the grounds that this Court lacks jurisdiction over the person of the defendant" is denied. However, this case is transferred to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1406(a).

This action was originally brought in New York Supreme Court on November 20, 1970 as a result of the dishonor of ten cashier's checks drawn on the Eatontown National Bank [hereinafter "Bank"] between August 3 and August 5, 1970 to the order of the plaintiff. On August 7, 1970, the United States Comptroller of the Currency had ordered the Bank closed and appointed the defendant as its receiver, which informed the plaintiff the next day that the ten cashier's checks in the total amount of $684,610.15 would not be honored. On December 17, 1970, the defendant filed a petition for removal to this District Court pursuant to 28 U.S.C. § 1441.

The defendant argues that it is immune from suit in this District under 12 U.S.C. § 94, which provides:

> Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases.

Since the Bank is a national banking association and is located, as specified in its charter, in Eatontown, New Jersey, it clearly is amenable to suit only in New Jersey under this Section. See Leonardi v. Chase National Bank, 81 F. 19 (2d Cir.), cert. denied, 298 U.S. 677, 56 S.Ct. 941, 80 L.Ed. 1398 (1936). See also Mercantile National Bank v. Langdeau, 371 U.S. 555, 559–562, 83 S.Ct. 520, 9 L.Ed.2d 523 (1963).

The plaintiff argues that this rule should not apply in the instant case "[i]n view of the universal criticism of this statute, the lack of legislative language or intent to cover receivers of insolvent banks, the technological and financial changes which have vitiated the usefulness of the narrow provisions of section 94, the universal desire to recognize the plaintiff's choice of forum where there are contacts with the forum or plaintiff is a resident, as here, [and] the existence of another jurisdictional statute which does not restrict the place of trial." Plaintiff's Memorandum of Law, p. 21.

The court finds, however, that the defendant receiver stands in the same position as the Bank[1] and that this action may therefore only be prosecuted in New Jersey. It is true, as the plaintiff argues, that such an interpretation of Section 94 has been criticized,[2] but courts continue to give the statute a

---

1. See, e. g., DeLorenzo v. Federal Deposit Insurance Corp., 259 F.Supp. 193 (S.D. N.Y.1966).

2. See, e. g., Note, An Assault on the Venue Sanctuary of National Banks, 34 Geo. Wash.L.Rev. 765 (1966).

mandatory reading.[3] See Mercantile National Bank v. Langdeau, 371 U.S. at 562, 83 S.Ct. 520; Bruns, Nordeman & Co. v. American National Bank & Trust Co., 394 F.2d 300 (2d Cir.), cert. denied, 393 U.S. 855, 89 S.Ct. 97, 21 L.Ed.2d 125 (1968). And this court finds that the purposes of Section 94[4] are best served by its strict application in the present case. The defendant is charged with the complex task of winding up the Bank's affairs in an orderly fashion. See 12 U.S.C. § 1821. If forced to defend actions at various locations throughout the country, with the attendant disruption of the Bank's records and personnel, the defendant's task would become further complicated.

The plaintiff argues that in moving to dismiss this action for lack of jurisdiction over the person, the defendant has waived any objection based on improper venue.[5] The contention is, that having made the "wrong motion," the defendant is precluded by subsections (g) and (h) (1) of Rule 12 of the Federal Rules of Civil Procedure from raising the question of proper venue.[6]

Section 1406(a) of Title 28, U.S.C. provides:

The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.[7]

The Second Circuit Court of Appeals has held:

Since the right to attack venue is personal to the parties and waivable at will, a district judge should not, in the absence of extraordinary circumstances, impose his choice of forum upon the parties by deciding on his own motion that there was a lack of proper venue.[8]

In that case, however, there was "no mention of venue, as such, anywhere in the portion of record made by the parties."[9] Here the defendant specifically requests as an alternative to its motion to dismiss that this action be transferred.[10] Then again, as has been pointed out, Congress, and not this court, has made a specific choice of forum in a case such as this.

Thus, in view of the foregoing, and in the interest of "removing whatever obstacles may impede an expeditious and orderly adjudication"[11] of this case, the defendant's motion to dismiss is hereby denied, but the Clerk of the Court is hereby directed to transfer this action

3. This may well inconvenience parties such as the plaintiff, but the remedy lies with Congress and not with the courts. See Klein v. Bower, 421 F.2d 338, 342 (2d Cir. 1970).

4. See supra note 2 at 773.

5. The plaintiff seeks to apply 28 U.S.C. §§ 1348, 1391(a). But the Court of Appeals for this Second Circuit has pointed out that "where Congress has dealt with a particular venue problem—here actions against national banks—broader language in a general venue statute will not overcome this even though literally applicable." Bruns, Nordeman & Co. v. American National Bank & Trust Co., 394 F.2d 300, 303 (2d Cir. 1968). See also Mercantile Bank v. Langdeau. 371 U.S. 555, 567, 83 S.Ct. 520, 9 L.Ed.2d 523 (1963); Rome v. Electra Corp., 297 F.Supp. 314, 318 (E.D.Pa.1969).

6. There is no contention that any other actions on the part of the Bank (or de-

fendant) amount to a waiver of proper venue. Cf. Annot., Waiver by National Bank of Statutory Right to be Sued in District Where Established or in Which it is Located, 1 A.L.R.3d 904 (1965).

7. Subsection (b) of Section 1406 provides: Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue.

8. Concession Consultants, Inc. v. Mirisch, 355 F.2d 369, 371 (2d Cir. 1966).

9. Id.

10. See defendant's Reply Memorandum of Law in Support of Motion to Dismiss, p. 6. The court finds this to be "timely and sufficient objection to the venue."

11. Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466, 82 S.Ct. 913, 916, 8 L.Ed.2d 39 (1962).

pursuant to Rule 7 of the General Rules of this Court to the district court for the District of New Jersey where a number of other actions arising as a result of the failure of the Bank are now pending.

So ordered.