Manuel **PALACIOS**, as next friend of Pedro Palacios, an infant, Plaintiff-Appellant,

v.

Harry B. **FOLTZ** and Edward Fernandez, Defendants-Appellees.

No. 455–70.

United States Court of Appeals,
Tenth Circuit.

May 10, 1971.

Adams, Circuit Judge, concurred in the result.

---

Anthony F. Avallone, Las Cruces, N. M., for plaintiff-appellant.

R. R. Regan, Las Cruces, N. M. (J. D. Weir, Las Cruces, N. M., with him on the brief), for defendants-appellees.

Before LEWIS, PICKETT and ADAMS,* Circuit Judges.

PICKETT, Circuit Judge.

This action was brought in behalf of Manuel Palacios, a student at Las Cruces High School, Las Cruces, New Mexico, against Foltz and Fernandez, the school principal and vice principal, for an injunction and damages arising out of an alleged violation of the Civil Rights Act, 42 U.S.C. § 1983.[1] The basis of the claim according to the allegations of the Complaint is that "(t)he defendants acting as the 'principal's office' under color of State law, since the Las Cruces High School is a public school established and maintained by the laws of

the State of New Mexico, refused to permit the infant plaintiff to run for office of co-president" of the student council. The trial court denied the injunction and dismissed the action for lack of jurisdiction.[2] We affirm.

The essential elements of a cause of action under § 1983 are (1) that the conduct complained of was by a person acting under color of state statutes or local law, custom or usage, and (2) while so acting, deprived another of rights, privileges or immunities secured by the Constitution and laws of the United States. Adickes v. S. H. Kress & Co., 398 U.S. 144, 150, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); Monroe v. Pape, 365 U.S. 167, 187, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Stringer v. Dilger, 313 F.2d 536, 540 (10th Cir. 1963). The federal courts have jurisdiction only when the acts depriving a person of constitutional rights are committed under color of state authority, Browns v. Mitchell, 409 F.2d 593 (10th Cir. 1969); Unless, of course, an individual is a wilful participant in joint activities with the state or its agents. Adickes v. S. H. Kress & Co., *supra*, 152, 90 S.Ct. 1605. We conclude in this case that neither of the two necessary ingredients of a cause of action under § 1983 are alleged in the Complaint.

The allegations purporting to show the nature of the state's involvement in a student high school election are that the Las Cruces High School is a public school established and maintained by the laws of the State of New Mexico; that Foltz is a principal of that school and Fernandez is his assistant; that the constitution and by-laws of the high

---

* Of the United States Court of Appeals for the Third Circuit, sitting by designation.

1. 42 U.S.C. § 1983 reads:
   "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

2. *The grounds for dismissal as contained in the district court's order were "(t)hat the acts complained of were not performed under color of any statute, ordinance, regulation, custom or usage of the State of New Mexico," and that by reason thereof the court had no jurisdiction of the matters and things mentioned therein.*

school student body and student council under which student elections were held were approved by the school district; and that Foltz and Fernandez, "acting as the principal's office," were acting under color of state law when they refused to permit Palacios to be a candidate for the office of co-president of the student council, giving as their only reason that Palacios had previously written disparagingly of the principal, vice principal, and the student council. The letter referred to was Palacios' previously written resignation from the student council in which the principal was characterized as a "Nazi" and the student council as "a farce," along with vulgar and obscene language.

With reference to the term "under color of state law," the Supreme Court, in United States v. Classic, 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941), said that "(m)isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of' state law." This definition of the term was reaffirmed in Screws v. United States, 325 U.S. 91, 98–109, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945), and Monroe v. Pape, 365 U.S. 167, 187, 81 S.Ct. 473, 5 L.Ed.2d 492 (1960); see also Browns v. Mitchell, 409 F.2d 593 (10th Cir. 1969).

Palacios' right to be a candidate for an office on the student council of the high school emanated from the constitution and by-laws adopted by the high school student body for its own self government. These instruments created the offices of the organization and prescribed the qualifications required of a candidate for election to a student body office, namely, that "(a) candidate shall display qualities of good citizenship. Characsitics not considered good citizenship are (a) insolence, (b) disobedience, (c) disrespect, (d) lack of cooperation. The principal's office shall determine citizenship." They created the office of the co-president to which Palacios aspired; they determined the powers and duties of that office. Patently,

here the right of a student to be a candidate for the office of student council co-president, and also the right of the principal's office to disqualify a student for lack of good citizenship, arise not from state laws, but from the students' constitution and by-laws. The reasons for disqualification were determined by the students, not by agents of the State of New Mexico. The finding of "the principal's office" that Palacios was not a qualified candidate for the office of co-president of the student council was solely in accord with the dictates and standards set by the students in their by-laws. This was not a disciplinary action taken pursuant to a regulation adopted by school officials, nor pursuant to any school policy. Cf. Tinker, et al. v. Des Moines Independent Community School District, et al., 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969), and Saunders v. Virginia Polytechnic Institute, 417 F.2d 1127 (4th Cir. 1969). The principal's office was not enforcing any state law, regulation, policy, or custom designed to curtail Palacios' right to express his views and opinions. There was no suggestion of discrimination, racial or otherwise. It is not alleged, and no contention is made, that when the permission to run for the office of co-president of the student council was denied there prevailed a state enforced custom of long standing denying the high school students freedom of expression. Adickes v. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, *supra.* The State of New Mexico's regulatory powers over Las Cruces Public School do not necessarily implicate the state with the student council's by-laws nor with the action by the "principal's office" pursuant thereto. Browns v. Mitchell, 409 F.2d 593, *supra;* Powe, et al. v. Miles, et al., 407 F.2d 73, 81 (2d Cir. 1968). We therefore hold that the actions of the principals were not "under color of" any state laws, regulations, customs or usages. Furthermore, we are satisfied that Palacios does not have a constitutional right to run for co-president of the high shcool student council, and the refusal to permit him to run is not a violation of § 1983. In Snowden

v. Hughes, 321 U.S. 1, 6, 64 S.Ct. 397, 400, 88 L.Ed. 497 (1944), rehearing denied, 321 U.S. 804, 64 S.Ct. 778, 88 L. Ed. 1090 (1944), the Supreme Court, holding that the right to become a candidate for state office is not a right or privilege protected by the Constitution, said:

"The protection extended to citizens of the United States by the privileges and immunities clause includes those rights and privileges which, under the laws and Constitution of the United States, are incident to citizenship of the United States, but does not include rights pertaining to state citizenship and derived solely from the relationship of the citizen and his state established by state law. * * * "

Turner v. Fouche, 396 U.S. 346, 362, 90 S.Ct. 532, 24 L.Ed.2d 567 (1970); Dorsey v. N. A. A. C. P., 408 F.2d 1022 (5th Cir. 1969), cert. denied, 396 U.S. 847, 90 S.Ct. 58, 24 L.Ed.2d 97 (1969); Bynum v. Burns, 379 F.2d 229, 231–232 (8th Cir. 1967); cf. Weisberg v. Powell, 417 F.2d 388 (7th Cir. 1969).

Affirmed.

ADAMS, Circuit Judge, concurs in the result.