Tommy **THOMAS** and Michael L. Lane

v.

**FIRESTONE TIRE AND RUBBER COMPANY.**

No. CA 3–74–787–C.

United States District Court,
N. D. Texas,
Dallas Division.

April 17, 1975.

James C. Barber, Barber & Frost, Dallas, Tex., for plaintiffs.

Walter B. Connolly, Jr., Akron, Ohio, and Philip J. Pfeiffer, Fulbright & Jaworski, Houston, Tex., for defendant.

## OPINION

WILLIAM M. TAYLOR, Jr., Chief Judge.

Plaintiffs alleged that they were the subjects of sex and race discrimination because of the enforcement of defendant's grooming policy.[1] Pursuant to this policy, sideburns were not to extend below the bottom of the ear lobe, no hair was to extend over the collar of male employees, and facial hair was prohibited.

Plaintiff Thomas, a Black male, was terminated because he failed to shave off his mustache. Thomas claims such termination constitutes unlawful sex and race discrimination. Plaintiff Lane, a Caucasian male, refused an order to trim his hair and sideburns and to remove his facial hair. Lane's refusal resulted in his termination, which he protests as unlawful sex discrimination.

Plaintiffs filed this lawsuit pursuant to Title VII of the Civil Rights Act of 1964, as amended,[2] and the Civil Rights Act of 1866, as amended.[3] This action having come to be considered on defendant's Motion to Dismiss under Rule 12 (b) of the Federal Rules of Civil Procedure, the Court concludes that it must be dismissed for failure to state a claim upon which relief can be granted.

## I.

Both plaintiffs claim to be victims of sex discrimination proscribed by Title VII. The *en banc* decision of the Fifth Circuit in Willingham v. Macon Telegraph Publishing Company,[4] disposes of this claim.

*Willingham* holds that an employer's grooming code, requiring different hair lengths for male and female employees, constituted discrimination on the basis of grooming standards, *not* on the basis of sex and was, therefore, outside the proscription of the Civil Rights Act of 1964, § 703.[5] The opinion added:

Distinctions in employment practices between men and women on the basis of something other than immutable or protected characteristics do not inhibit employment *opportunity* in violation of Section 703(a).[6]

## II.

Thomas and Lane both challenge Firestone's enforcement of its grooming policy as unlawful sex discrimination under 42 U.S.C. § 1981. 42 U.S.C. § 1981 provides:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

It is the Court's opinion that only actions founded on racial discrimination

---

1. "The image our employees present to the public is important to the success of our company. Employees are expected to maintain a neat and clean personal appearance. Radical departure from conventional dress or personal grooming will not be tolerated."

2. 42 U.S.C. § 2000e et seq.

3. 42 U.S.C. § 1981.

4. 507 F.2d 1084 (5th Cir. en banc 1975)

5. 42 U.S.C. § 2000e–2.

6. 507 F.2d at 1092.

may be maintained under this equal rights statute [7] and, therefore, § 1981 affords no jurisdiction for any claim based on alleged sex discrimination.

Even if the Civil Rights Act of 1866 did cover sex discrimination, the Fifth Circuit's logic in *Willingham* would be equally applicable here, i.e., discrimination on the basis of grooming standards and not on the basis of immutable or protected characteristics.

### III.

Finally, the Court is presented Thomas' allegation of racial discrimination in violation of both Title VII and 42 U.S.C. § 1981. The Court finds this claim somewhat incredible in light of the facts surrounding this lawsuit.[8] Defendant's grooming policy was obviously applied across the board and no man, white or Black, escaped its scrutiny. The Court fails to detect the slightest hint of a racially discriminatory application.

Here also, the *Willingham* reasoning is apposite. Distinctions in the application of employment practices to different classes of employees on the basis of something other than immutable or protected characteristics do not inhibit either employment opportunity or equal rights. Neither facial hair nor hair length is an immutable or protected characteristic of either males or Black males and in the situation of employer *vis-a-vis* employee (Black or white) neither enjoys constitutional protection. As the Fifth Circuit said in *Willingham:*

> If the employee objects to the grooming code he has a right to reject it by looking elsewhere for employment, or alternatively he may choose to subordinate his preference by accepting the code along with the job.[9]

Although *Willingham* was decided in the context of Title VII of the Civil Rights Act of 1964, the Court believes it to be equally applicable to actions based upon the Civil Rights Act of 1866, 42 U.S.C. § 1981.

Accordingly, plaintiffs' action is hereby dismissed for failure to state a claim upon which relief can be granted.

---

7. Marshall v. Plumbers and Steamfitters Local Union 60, 343 F.Supp. 70 (E.D.La.1972); League of Academic Women v. Regents of University of California, 343 F.Supp. 636 (N.D.Cal.1972).

8. See Defendant's Response to Plaintiff's Interrogatory No. 20. Four of the five employees terminated for violating the defendant's grooming policy were white. Thomas was the lone Black terminated for hirsute extravagance.

9. 507 F.2d at 1091.