**Patricia S. HARBERT, Plaintiff,**

v.

**Walter M. RAPP, as Employment Service Director of the Oklahoma Employment Security Commission and Individually, et al., Defendants.**

Civ. No. 75–0634–D.

United States District Court,
W. D. Oklahoma.

March 30, 1976.

Henry W. Floyd, Oklahoma City, Okl., for plaintiff.

Edward E. Soule and Milton R. Elliott, Oklahoma City, Okl., for all defendants.

Allen G. Nichols, Wewoka, Okl., William W. Dawson, Seminole, Okl., for defendants Churchwell and Snider.

## ORDER

DAUGHERTY, Chief Judge.

In this Civil Rights action Plaintiff accuses the Defendants of having discriminated

against her in employment on account of sex. The action is alleged to arise under 42 U.S.C. §§ 1981, 1983 and 2000e et seq., the Thirteenth and Fourteenth Amendments, and Executive Orders 11246 and 11375. Jurisdiction is asserted under 28 U.S.C. §§ 1331 & 1343(3).

Plaintiff alleges she has been an employee of the Oklahoma Employment Service Commission since 1964. She was initially employed as a counsellor intern. She has been promoted to the level of counsellor III. She has obtained a master's degree in furtherance of her career goals. She has applied for promotions but has been passed over by male employees with less education, experience and tenure. In 1973 she was transferred and suffered a diminution in duties. A male employee with less education, experience and tenure was not transferred. In 1973 she filed a complaint of discrimination with the Equal Employment Opportunity Commission. Since that date she has been harassed and has suffered reprisals. The EEOC investigated her complaint and found probable cause to believe she has been discriminated against. Conciliation efforts have failed. The EEOC issued a "right to sue" letter and she filed this action within the statutory time.

Defendants have filed herein a joint Motion To Dismiss for failure to state a claim and because the statute of limitations has run. Defendants' contentions are: (1) Plaintiff cannot maintain this action under the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., because her EEOC complaint was filed only against Defendant Snider; (2) Plaintiff cannot maintain the action under the Civil Rights Act of 1866, 42 U.S.C. § 1981, because that statute does not prohibit sex discrimination; (3) Plaintiff cannot maintain this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and the Thirteenth and Fourteenth Amendments because the action is barred by limitations and because she has failed to state a

claim upon which relief can be granted. Plaintiff has responded to Defendants' Motion. The joint Motion To Dismiss being at issue is determined as follows:

Title VII employment discrimination suits are permitted only "against the respondent named in the charge" before the EEOC. 42 U.S.C. § 2000e–5(f)(1). This policy decision is based on the Congressional purpose of encouraging conciliation and voluntary compliance. This requirement brings home to the charged party notice of the complaint and brings the charged party before the EEOC. Effectuation of the primary goal of the Act, voluntary compliance, is thereby enhanced. *LeBeau v. Libbey-Owens-Ford Company*, 484 F.2d 798 (7 Cir. 1969); *Bowe v. Colgate-Palmolive Company*, 416 F.2d 711 (7 Cir. 1969); *Mickel v. South Carolina State Employment Service*, 377 F.2d 239 (4 Cir. 1967).

▮ Plaintiff is not entitled to maintain this action under 42 U.S.C. §§ 2000e et seq. against persons not named in her EEOC complaint. A copy of Plaintiff's charge of discrimination is attached to Defendants' Motion.[1] The only named discriminators in the charge are David Snyder and the Oklahoma Employment Security Commission. Accordingly Plaintiff's Complaint herein should be dismissed as to all Defendants except David Snyder insofar as it is based on 42 U.S.C. §§ 2000e et seq.

▮ 42 U.S.C. § 1981 reads:

"All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

This statute, on its face, has no application to sex discrimination. Indeed, it is well

---

1. This is in effect a Motion to Dismiss for lack of subject matter jurisdiction. A movant may use affidavits and other documents to support a motion challenging subject matter jurisdic-

tion. *Local 336, American Fed. of Musicians, AFL–CIO, v. Bonatz*, 475 F.2d 433 (3 Cir. 1973); *Pintozzi v. Scott*, 436 F.2d 375 (7 Cir. 1970).

settled that 42 U.S.C. § 1981 is directed exclusively at discrimination based on race or alienage and has no application to cases of sex based discrimination. *League of Academic Women v. Regents of Univ. of Cal.*, 343 F.Supp. 636 (N.D.Cal.1972); *Troy v. Shell Oil Company*, 378 F.Supp. 1042 (E.D. Mich.1974); *Knott v. Missouri Pacific Railroad Company*, 389 F.Supp. 856 (E.D.Mo. 1975); *Rackin v. University of Pennsylvania*, 386 F.Supp. 992 (E.D.Penn.1974). Accordingly, Plaintiff's Complaint should be dismissed insofar as it is based on 42 U.S.C. § 1981.

■ There are two essential elements to stating a claim under 42 U.S.C. § 1983: (1) the conduct complained of was by a person acting under color of state law; (2) the conduct complained of deprived the plaintiff of rights, privileges or immunities secured by the Constitution or Laws of the United States. *Adickes v. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Palacios v. Foltz*, 441 F.2d 1196 (10 Cir. 1971); *Endicott v. Van Petten*, 330 F.Supp. 878 (D.Kan.1971). Misuse of power possessed by virtue of State law and made possible only because the wrongdoer is clothed with the authority of state law is action taken under color of State law. *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Action taken by a state officer in the exercise of his authority is action under color of State law. *Wall v. King*, 206 F.2d 878 (1 Cir. 1953). The Fourteenth Amendment equal protection clause forbids discrimination in employment on the basis of sex by state government. *Schaefer v. Tannian*, 394 F.Supp. 1128 (E.D. Mich.1974); Cf. *Reed v. Reed*, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971); *Frontiero v. Richardson*, 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973). However, a state officer is not liable under 42 U.S.C. § 1983 unless he directly and personally participates in conduct under color of state law which deprives the plaintiff of rights, privileges or immunities secured by the Constitution or Laws of the United States. *Phillips v. Anderson*, 386 F.Supp. 371 (E.D.Okl. 1974); *Battle v. Lawson*, 352 F.Supp. 156 (W.D.Okla.1972).

■ For purposes of a Rule 12(b)(6), Federal Rules of Civil Procedure, Motion to Dismiss for failure to state a claim upon which relief can be granted the Complaint is construed in the light most favorable to the Plaintiff and its allegations are taken as true. See 5, Federal Practice and Procedure, Wright and Miller § 1357 and cases cited therein. A Complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). All the Rules require is a short and plain statement of the claim that will give the Defendant fair notice of what the Plaintiff's claim is and the grounds upon which it rests. *Conley v. Gibson, supra; Battle v. Liberty National Life Insurance Company*, 493 F.2d 39 (5 Cir. 1974); Rule 8(a), Federal Rules of Civil Procedure.

■ In this case Plaintiff's allegations fail to meet even the very liberal standards for pleading set out above. Plaintiff has failed to allege that any of the individually named defendants have directly and personally participated in conduct under color of state law which deprived her of rights, privileges or immunities secured to her by the Constitution or Laws of the United States. Her only allegation is:

"That all of the said defendants are employed by the State of Oklahoma and acted and continue to act under color of state law, custom and usage of the State of Oklahoma by depriving the plaintiff of equal employment opportunities solely on the basis of sex."

This allegation does not give the Defendants fair notice of the grounds on which Plaintiff's claim against them rests. As Plaintiff has failed to state that any of the Defendants have directly and personally participated in discrimination against her, Plaintiff has failed to state a claim under 42 U.S.C. § 1983 and the Fourteenth Amendment.

The Thirteenth Amendment reads:

"Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction.

Congress shall have power to enforce this article by appropriate legislation."

It obviously has nothing to do with sex discrimination in employment but deals with the abolition of slavery.

In view of the foregoing Plaintiff's Complaint should be dismissed except as to her action against Defendant David Snyder under 42 U.S.C. §§ 2000e et seq. In view of this determination the Court finds it unnecessary to consider whether Plaintiff's action is barred by limitations.

It is so ordered this 30 day of March, 1976.