Mr. and Mrs. Larry BLACK, Sr., Plaintiffs,

v.

Jim COOK, Commissioner of Charities and Corrections of the State of Oklahoma, Earl E. Goerke, District Attorney in and for Blaine County, Oklahoma, Hugh Compton, Sheriff of Blaine County, Oklahoma, Richard Craighead, Jailer, Blaine County, Oklahoma, Jim Sinclair, Undersheriff of Blaine County, Oklahoma, Defendants.

No. CIV–77–0309–D.

United States District Court, W. D. Oklahoma.

Dec. 2, 1977.

Archibald B. Hill, Jr., Oklahoma City, Okl., for plaintiffs.

Larry Derryberry, Atty. Gen., by Paul Crowe, Asst. Atty. Gen., Oklahoma City, Okl., for defendants Jim Cook and Earl E. Goerke.

Larry D. Smith, Asst. Dist. Atty., Watonga, Okl., for defendants Hugh Compton and Jim Sinclair.

S. David Hopper, Watonga, Okl., for defendant Richard Craighead.

## ORDER

DAUGHERTY, Chief Judge.

This is a civil rights action in which Plaintiffs seek damages for Defendants' alleged violations of 42 U.S.C. §§ 1981 and 1983 arising out of the death of Plaintiffs' minor son while he was incarcerated in the County Jail of Blaine County, Oklahoma.

It is asserted that the Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1343.

Defendants have filed herein a Motion to Dismiss this case and a Brief in support thereof. Plaintiffs have filed a Response and supporting Brief in opposition to said motion. Pursuant to the Court's request, Plaintiffs and Defendants have also submitted Briefs concerning Plaintiffs' standing to sue for alleged violations of their deceased son's civil rights.

In support of their Motion, Defendants contend that Plaintiffs have not alleged that any of their constitutional rights or privileges or those of their son were violated or that said rights and privileges were violated through the action or conduct of the Defendants. In their Response and Brief in opposition to Defendants' Motion, Plaintiffs contend that they have properly alleged a violation of their constitutional and civil rights in their Complaint wherein Plaintiffs stated that upon the death of their son, they were "denied a due and proper Autopsy report and examination before the body of said deceased was embalmed" by the office of Defendant Earl Goerke (Goerke), the District Attorney of Blaine County; that Paragraph XV of the Complaint clearly sets forth a violation of Plaintiffs' constitutional or civil rights by Defendant Goerke; that Plaintiffs have alleged negligence on the part of Defendants Hugh Compton (Compton), the Sheriff of Blaine County; Jim Sinclair (Sinclair), the Undersheriff of Blaine County; and Richard Craighead (Craighead), the Jailer of Blaine County, in that said Defendants failed to insure the safety, well being and welfare of Plaintiffs' son in violation of the rights and privileges guaranteed him "by the constitution of the United States and the Civil Rights Act of the United States;" and that Plaintiffs have properly alleged a violation of their son's civil rights by the failure of the Defendant Jim Cook (Cook), Commissioner of Charities and Corrections of the State of Oklahoma, to properly inspect the jails of the State of Oklahoma, including the Blaine County Jail, as required by law.

■ With regard to 42 U.S.C. § 1981, Plaintiffs have not stated a cause of action. § 1981 is limited to racial discrimination. *Georgia v. Rachel*, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966); *Williams v. Patton*, 410 F.Supp. 1 (E.D.Pa.1976); *Baca v. Butz*, 394 F.Supp. 888 (D.N.M.1975); *Thomas v. Firestone Tire and Rubber Co.*, 392 F.Supp. 373 (N.D.Tex.1975). As the Complaint herein contains no allegations of racial discrimination by Defendants against either Plaintiffs or their son, the Complaint fails to state a claim under § 1981. *Williams v. Patton, supra*; *Quarles v. Texas*, 312 F.Supp. 835 (S.D.Tex.1970); see *Ambrek v. Clark*, 287 F.Supp. 208 (E.D.Pa. 1968).

■ There are two essential elements to stating a claim under § 1983: (1) the conduct complained of was by a person acting under color of state law; and (2) the conduct complained of deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Adickes v. S. H. Kress and Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Palacios v. Foltz*, 441 F.2d 1196 (Tenth Cir. 1971); *Harbert v. Rapp*, 415 F.Supp. 83 (W.D.Okl.1976).

■ In the instant case, Plaintiffs claim that the denial of any autopsy report and examination of their son amounted to a violation of their constitutional and civil rights. Plaintiffs' Complaint contains no allegations that this asserted right was violated by any of the Defendants other than Defendant Goerke. Absent an allegation that a named defendant has personally subjected the plaintiff to a deprivation of his constitutional rights or has caused the conduct complained of, a Complaint is insufficient to state a claim against such defendant under § 1983. *Knipp v. Weikle*, 405 F.Supp. 782 (N.D.Ohio 1975); see *Harbert v. Rapp, supra*. Furthermore, the Court is of the opinion that Plaintiffs' claimed right to an autopsy report and examination is not a right, privilege or immunity secured by the Constitution or laws of the United States. Therefore, the Court finds and con-

cludes that the Complaint fails to state a claim against Defendants for violations of Plaintiffs' civil rights.

 Turning to the allegations in the Complaint relating to violations of the civil rights of Plaintiffs' son, it should be noted that there are no allegations that Defendant Goerke violated the civil rights of Plaintiffs' son. Therefore, the Complaint fails to state a claim against Defendant Goerke for violation of the civil rights of Plaintiffs' son in view of the authorities set out above.

Plaintiffs have alleged that Defendants Compton, Sinclair and Craighead violated the constitutional and civil rights of Plaintiffs' son by failing to insure his safety, well being and welfare as required by the offices held by said Defendants. Defendant Cook is alleged to have violated the civil rights of Plaintiffs' son by failing to inspect the Blaine County Jail. It is well settled that a plaintiff's cause of action under § 1983 survives for the benefit of the estate if the applicable state law creates a right of survival. *Brooks v. Flagg Brothers, Inc.*, 553 F.2d 764 (Second Cir. 1977); *Spence v. Staras*, 507 F.2d 554 (Seventh Cir. 1974); *Hall v. Wooten*, 506 F.2d 564 (Sixth Cir. 1974); *Brazier v. Cherry*, 293 F.2d 401 (Fifth Cir. 1961), *cert. denied*, 368 U.S. 921, 82 S.Ct. 243, 7 L.Ed.2d 136 (1961). As the instant case is not a wrongful death action, the Oklahoma statute governing survival and abatement of actions pertinent to this case is 12 Okl.Stat.1971 § 1051 which provides as follows:

> *"Causes of action that survive.*—In addition to the causes of action which survive at common law, causes of action for mesne profits, or for an injury to the person, or to real or personal estate, or for any deceit or fraud, shall also survive; and the action may be brought, notwithstanding the death of the person entitled or liable to the same."

At common law, all causes of action abated at the death of the person injured. *Panagopoulous v. Martin*, 295 F.Supp. 220 (S.D. W.Va.1969); *Freeman v. Giacomo Costa Fu Andrea*, 282 F.Supp. 525 (E.D.Pa.1968). Therefore, as § 1051 does not provide for the survival of an action to recover damages for violation of a decedent's civil rights while he was alive, Plaintiffs lack standing to sue for alleged violations of their son's civil rights in the instant case.

In view of the foregoing, the Court finds and concludes that Plaintiffs' Complaint should be dismissed.