Hervie L. DANIELS and Hervie Daniels, Sr., as Co-administrators of the Estate of Jesse DeSota Daniels, Deceased, for the Use and Benefit of Hervie Daniels, Sr. and Nancy Daniels, Next of kin, Plaintiffs,

v.

James MURPHY; M. C. Grundy; The City of Idabel, Oklahoma; L. D. Gilbert; Ricky Dennison; The County of McCurtain, Oklahoma; Ms. E. Schweitzer; Dr. R. D. Garcia; Dr. J. Tyler; and Maxine Fultnic, Defendants.

No. 77–433–C.

United States District Court, E. D. Oklahoma.

June 30, 1978.

---

**4**

Frank Hagedorn, Tulsa, Okl., for plaintiffs.

Manville Buford, Asst. Atty. Gen., Oklahoma City, Okl., for defendants Garcia, Tyler, Fultnic and Schweitzer.

Don Shaw, Idabel, Okl., and Neal Merriott, Atoka, Okl., for defendants Murphy, Grundy, City of Idabel, Gilbert, Dennison and County of McCurtain, Okl.

ORDER

DAUGHERTY, Chief Judge.

This is a wrongful death action brought by Plaintiffs as coadministrators of the estate of Jesse DeSota Daniels (decedent) which arises out of the death of decedent while he was a patient at the Eastern State Hospital in Vinita, Oklahoma. The allegations of the Complaint are briefly summarized as follows: that on July 25, 1976, Defendants James Murphy and M. C. Grundy, police officers for Defendant City of Idabel, Oklahoma (Idabel), wrongfully arrested decedent without probable cause or good faith and took him to the Idabel city jail where he was charged with robbery by force; that Plaintiff Hervie Daniels, Sr., decedent's father, delivered decedent's medication to the desk sergeant at the Idabel city jail along with instructions as to its use; that decedent was subsequently transferred to the county jail in the Defendant County of McCurtain, Oklahoma (McCurtain County), which was operated under the direction and control of Defendant L. D. Gilbert (Gilbert) as the sheriff of McCurtain County; that Plaintiff Hervie Daniels, Sr., later visited decedent at the McCurtain County jail and observed him to be very upset, agitated and noisy; that upon inquiry, Plaintiff Hervie Daniels, Sr., was informed that decedent's medication had been lost when decedent was transferred from the Idabel jail; that Plaintiff Hervie Daniels, Sr., delivered decedent's medical prescription to the McCurtain County jail authorities and gave them instructions as to its use so that decedent could be calmed down; that Defendants Gilbert and Ricky Dennison (Dennison), acting as law enforcement officers for McCurtain County, willfully refused to administer decedent's medication; that as a direct result of this failure to administer decedent's medication, decedent became so uncontrollable that Plaintiff Hervie Daniels, Sr., had to be called for help; that Defendants Gilbert and Dennison decided to transfer decedent to the Eastern State Hospital for observation and testing and Plaintiff Hervie Daniels, Sr., offered to transport decedent to said hospital; that on August 3, 1976, a McCurtain County associate district judge entered an order committing decedent to the Eastern State Hospital for a period not to exceed sixty days and releasing decedent to the custody of Plaintiff Hervie Daniels, Sr., for transportation to said hospital; that Plaintiff Hervie Daniels, Sr., delivered decedent to the hospital on August 4, 1976, as required and there attempted to inform Defendant Dr. R. D. Garcia (Garcia) about decedent's medical history, present medication and adverse reactions to other drugs; and that Plaintiff Hervie Daniels, Sr., thereafter returned to Idabel where he later learned that decedent had died less than two hours after he had been admitted to the hospital. In addition to Defendant Garcia, Defendants E. Schweitzer (Schweitzer), Dr. J. Tyler (Tyler) and Maxine Fultnic (Fultner [1]) are alleged to have been respon-

---

1. The pleadings on file herein indicate that the correct last name of this defendant is apparently "Fultner" rather than "Fultnic."

sible for decedent's care and treatment at the Eastern State Hospital and to have willfully failed to provide adequate treatment to and adequately safeguard decedent. In the instant action, Plaintiffs seek to recover damages for "loss of aid, association, support, protection, comfort, care and society" of decedent, loss of decedent's contributions to the household expenses of decedent's next of kin and funeral and burial expenses. It is asserted that the Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343(3).

Pursuant to Rule 12(b), Federal Rules of Civil Procedure, Defendants Schweitzer, Garcia, Tyler and Fultner have filed a combined Motion to Dismiss and a Brief in support thereof wherein said Defendants ask the Court to dismiss Plaintiffs' Complaint for improper venue, failure to state a claim of action against said Defendants, lack of subject matter jurisdiction and for the reason that a wrongful death action may not be maintained under the Civil Rights Act. Plaintiffs have filed a Brief in opposition to said Motion. The Court will consider the grounds for Defendants' Motion to Dismiss seriatim.

In support of their Motion to Dismiss for improper venue, Defendants Schweitzer, Garcia, Tyler and Fultner contend that they are residents of Vinita, Oklahoma, and that Plaintiffs' cause of action arose at Eastern State Hospital in Vinita. Accordingly, as Vinita, Oklahoma, is in Craig County which is within the jurisdiction of the United States District Court for the Northern District of Oklahoma, venue in this Court is improper under 28 U.S.C. § 1391(b). Plaintiffs argue that the venue of this action is proper under 28 U.S.C. § 1392(a).

 28 U.S.C. § 1391(b) provides that "[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law." However, 28 U.S.C. § 1392(a) deals with venue in actions involving defendants located within several districts in the state and provides that "[a]ny civil ac-

tion, not of a local nature, against defendants residing in different districts in the same State, may be brought in any of such districts." As § 1392(a) is a specific venue provision for actions involving defendants located within several districts in a state, it controls in such a case over the general venue provisions of § 1391. *See Bruns, Nordeman & Co. v. American National Bank and Trust Co.*, 394 F.2d 300 (2nd Cir. 1968), *cert. denied*, 393 U.S. 855, 89 S.Ct. 97, 21 L.Ed.2d 125 (1968); *TPO Inc. v. Federal Deposit Insurance Corp.*, 325 F.Supp. 663 (S.D.N.Y.1971); *SEC v. Briggs*, 234 F.Supp. 618 (N.D.Ohio 1964); *Roberts Brothers, Inc. v. Kurtz Bros.*, 231 F.Supp. 163 (D.N.J. 1964); *Leith v. Oil Transport Co.*, 210 F.Supp. 877 (W.D.Pa.1962), *aff'd*, 321 F.2d 591 (3rd Cir. 1963). Therefore, as the instant action is not local in nature and as some of the Defendants herein reside in this district, the Court finds and concludes that the venue of this action is proper in this district under 28 U.S.C. § 1392(a).

Defendants Schweitzer, Garcia, Tyler and Fultner also contend that the Complaint is insufficient to state a cause of action against them and the Court does not have subject matter jurisdiction. Plaintiffs assert that their Complaint contains sufficient allegations upon which relief can be granted pursuant to 42 U.S.C. §§ 1983 and 1988.

 It appears from the Complaint that Plaintiffs are proceeding pursuant to 42 U.S.C. §§ 1981, 1983 and 1988. With regard to 42 U.S.C. § 1981, Plaintiffs have not stated a cause of action against Defendants Schweitzer, Garcia, Tyler and Fultner. § 1981 is limited to racial discrimination. *Georgia v. Rachel*, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966); *Black v. Cook*, 444 F.Supp. 61 (W.D.Okl.1977); *Williams v. Patton*, 410 F.Supp. 1 (E.D.Pa.1976); *Baca v. Butz*, 394 F.Supp. 888 (D.N.M.1975); *Thomas v. Firestone Tire and Rubber Co.*, 392 F.Supp. 373 (N.D.Tex.1975). As the Complaint herein contains no allegations of racial discrimination by Defendants Schweitzer, Garcia, Tyler or Fultner, the Complaint fails to state a claim under § 1981. *Black v. Cook, supra; Williams v.*

**6**

*Patton, supra; Quarles v. Texas,* 312 F.Supp. 835 (S.D.Tex.1970); *see Ambrek v. Clark,* 287 F.Supp. 208 (E.D.Pa.1968).

■ There are two essential elements to stating a claim under § 1983: (1) the conduct complained of was by a person acting under color of state law; and (2) the conduct complained of deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Adickes v. S.H. Kress and Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Palacios v. Foltz,* 441 F.2d 1196 (10th Cir. 1971); *Black v. Cook, supra; Harbert v. Rapp,* 415 F.Supp. 83 (W.D.Okl. 1976). In the instant case, Plaintiffs allege that Defendants Schweitzer, Garcia, Tyler and Fultner were acting under color of state law as employees and agents of the Eastern State Hospital when they treated decedent without examining his past medical history and background thereby "depriving him of his right to adequate medical care and treatment and right not to be deprived of his life and to be accorded the equal protection of the laws, as guaranteed to said decedent under the Nineteenth Amendment of the Constitution of the United States as an involuntary patient at Eastern State Hospital." [2]

■ Failure to provide "adequate" medical care to a prisoner is not actionable under 42 U.S.C. § 1983. *McCracken v. Jones,* 562 F.2d 22 (10th Cir. 1977); *Coppinger v. Townsend,* 398 F.2d 392 (10th Cir. 1968). However, "deliberate indifference" to the medical needs of a prisoner is actionable under § 1983. *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Plaintiffs' allegations concerning the "grossly negligent, willful and wanton" conduct on the part of Defendants Schweitzer, Garcia, Tyler and Fultner in treating decedent without examining his past medical history and background apparently would be sufficient to establish "deliberate indifference" on the part of said Defendants if proven. Therefore, the Court finds and concludes that Plaintiffs' Complaint should not be dismissed for failure to state a cause of action against Defendants Schweitzer, Garcia, Tyler and Fultner and for lack of subject matter jurisdiction as said Defendants contend as it does not appear beyond doubt that Plaintiffs can prove no set of facts in support of their claim which would entitle them to relief under 42 U.S.C. § 1983. *See Hospital Building Co. v. Trustees of the Rex Hospital,* 425 U.S. 738, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976); *Cruz v. Beto,* 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972); *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Callaway v. United States,* 568 F.2d 684 (10th Cir. 1978).

■ The final contention of Defendants Schweitzer, Garcia, Tyler and Fultner in support of their Motion to Dismiss is that an action for wrongful death may not be maintained under the Civil Rights Act. This issue appears to have been resolved in *Smith v. Wickline,* 396 F.Supp. 555 (W.D. Okl.1975), which held that 42 U.S.C. § 1988 authorizes resort to the Oklahoma wrongful death remedy created by 12 Okl.Stat. 1971 §§ 1053 and 1054 in an action under 42 U.S.C. § 1983 thereby giving rise to federally enforceable civil rights claims for damages for wrongful death. Under 12 Okl. Stat. 1971 § 1053, a duly appointed administrator of the estate of a decedent may bring a wrongful death action. *See National Valve & Mfg. Co. v. Wright,* 205 Okl. 571, 240 P.2d 766 (1951). Therefore, it appears that a wrongful death action may be maintained by Plaintiffs under 42 U.S.C. § 1983 against Defendants Schweitzer, Garcia, Tyler and Fultner.

In view of the foregoing, the Court finds and concludes that the Motion to Dismiss of Defendants Schweitzer, Garcia, Tyler and Fultner should be overruled. Accordingly, said Defendants are directed to answer Plaintiffs' Complaint within 15 days of this date.

---

**2.** Plaintiffs' reference to the Nineteenth Amendment is apparently a mistake as the Nineteenth Amendment prevents denial or abridgment of the right to vote on account of sex. It seems that Plaintiffs probably intended to refer to the Fourteenth Amendment.