Robert Jerry LEE, Plaintiff,

v.

Larry DERRYBERRY, Defendant.

No. CIV-78-0518-D.

United States District Court,
W. D. Oklahoma.

Aug. 22, 1978.

Robert Jerry Lee, pro se.

Larry Derryberry, pro se.

Jerry Earl Benson, Asst. Atty. Gen., Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

This is a pro se civil rights action brought pursuant to 42 U.S.C. § 1983 wherein Plaintiff, a state prisoner incarcerated at the Lexington Treatment Center, Lexington, Oklahoma, alleges that he is being treated differently than other prisoners with respect to "good time" awarded against his sentence in violation of the Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Plaintiff contends that 57 Okl.Stat.Supp.1977 § 138, which was passed during the present Oklahoma Attorney General's term of office, has the effect of discriminating against Plaintiff and all other inmates who were received at Oklahoma correctional institutions after Septem-

ber 8, 1976, the effective date of § 138, in that those persons sentenced to Oklahoma prisons prior to September 8, 1976, received both "good time" provided by § 138 and those good time credits awarded them previous to the enactment of § 138. Plaintiff brings this action against the Oklahoma Attorney General on the basis that said official is responsible to insure that all laws of Oklahoma passed by the Oklahoma legislature are constitutional and nondiscriminatory. In this action Plaintiff seeks relief in the nature of an order requiring that the Attorney General "make the necessary arrangements to award and treat all convicts equal in all matters, once said law is declared unconstitutional" and an order "that Plaintiff is to receive just as much good time as all other convicts."

Pursuant to Rule 12(b)(1) and (6), Federal Rules of Civil Procedure, Defendant has filed herein a Motion to Dismiss Plaintiff's Complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Said Motion is supported by a Brief and Plaintiff has responded thereto.

In support of his Motion to Dismiss, Defendant contends that Plaintiff has not been deprived of any constitutionally guaranteed rights as a result of Defendant's alleged nonperformance or improper performance of the act of determining § 138 to be unconstitutional and that Plaintiff has not alleged that Defendant has acted in bad faith or has violated a federal constitutional right, privilege or immunity of the Plaintiff.

In his response to the Defendant's Motion to Dismiss, Plaintiff contends that his receiving less good time than other convicts constitutes discrimination "to the point to actively void Constitutional Rights of Due Process of the Law as applied under the Equal Protection Clause, thereby creating Cruel and Unusual Punishment, is a matter under total jurisdiction of the Court." Plaintiff further asserts that he has stated a cause of action, which "in the instant matter is the granting (and/or taking away) of 'good-time' and the cruel and un-

usual treatment some convicts receive as opposed to others." The Court will first consider Defendant's Motion to Dismiss for failure to state a claim upon which relief can be granted.

In a Rule 12(b)(6) motion to dismiss, factual allegations should be construed favorably to the pleader. *Cruz v. Beto,* 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972); *Callaway v. United States,* 568 F.2d 684 (Tenth Cir. 1978). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the claimant can prove no set of facts in support of his claim which would entitle him to relief. *Hospital Building Co. v. Trustees of the Rex Hospital,* 425 U.S. 738, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976); *Cruz v. Beto, supra; Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Callaway v. United States, supra.* Furthermore, pro se civil rights complaints are to be liberally construed and must be held to less stringent standards than formal pleadings drafted by a lawyer. *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Craft v. Texas Board of Pardons and Paroles,* 550 F.2d 1054 (Fifth Cir. 1977); *Vinnedge v. Gibbs,* 550 F.2d 926 (Fourth Cir. 1977); *McNally v. Pulitzer Publishing Co.,* 532 F.2d 69 (Eighth Cir. 1976), *cert. denied,* 429 U.S. 855, 97 S.Ct. 150, 50 L.Ed.2d 131 (1976); *Williams v. Vincent,* 508 F.2d 541 (Second Cir. 1974); *Ailshire v. Darnell,* 508 F.2d 526 (Eighth Cir. 1974).

There are two essential elements to stating a claim under § 1983: (1) the conduct complained of was by a person acting under color of state law; and (2) the conduct complained of deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Adickes v. S. H. Kress and Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Palacios v. Foltz,* 441 F.2d 1196 (Tenth Cir. 1971); *Black v. Cook,* 444 F.Supp. 61 (W.D.Okl.1977); *Harbert v. Rapp,* 415 F.Supp. 83 (W.D.Okl.1976).

The duties of the Oklahoma Attorney General are specified by 74 Okl.Stat. Supp.1977 § 18b and include the duty to

**32**

"give his opinion in writing upon all questions of law submitted to him by the legislature or either branch thereof . . . ." 74 Okl.Stat.Supp.1977 § 18b(e). Plaintiff has not alleged herein that Defendant failed to furnish an opinion on the constitutionality of § 138 after being requested to do so by the Legislature. Rather, Plaintiff has based his Complaint on the mistaken belief that the Defendant is required to "see that all laws of Oklahoma as passed by the Legislature, and before passage are Constitutional, and do not discriminate." Thus, Plaintiff has alleged in effect that Defendant failed to perform a duty that Defendant does not have under Oklahoma law.

In the instant case, even a liberal reading of Plaintiff's Complaint reveals that Plaintiff has failed to allege that any of his constitutional rights, privileges or immunities were violated by Defendant while acting under color of state law. Therefore, after thoroughly examining the Complaint herein, the Court is of the opinion that Plaintiff can prove no set of facts in support of his claim which will entitle him to relief against the Defendant under § 1983. Accordingly, the Court finds and concludes that Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted.